

# The Attorney General of Texas

December 22, 1981

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Vernon M. Arrell
Commissioner
Texas Rehabilitation Commission
118 East Riverside Drive
Austin, Texas   78704

Opinion No. MW-416

Re:   Whether   article   4350,
V.T.C.S., may be used to assist
the     Texas     Rehabilitation
Commission   in   the   collection
of money due from rehabilita-
tion facilities in default

Dear Mr. Arrell:

You have requested our opinion on whether article 4350, V.T.C.S., authorizes the comptroller of public accounts to withhold the issuance of warrants to an independent school district acting as fiscal agent for a private nonprofit rehabilitation entity, where financial audit exceptions have been taken on an establishment grant made by the commission.   Such grants may be made for the establishment of nonprofit rehabilitation facilities pursuant to the Rehabilitation Act of 1973.   29 U.S.C. §§706(4), 711(c), 723(b).   See also Human Res. Code §§111.054, 111.056.   You have submitted correspondence and documents concerning a grant made to an independent school district as fiscal agent for a Multi-County Special Education Cooperative serving a number of school districts.   The governing board of the cooperative consists of the fiscal agent and three elected members who are school superintendents of participating schools.   The grant application was signed by the superintendent of the school district serving as fiscal agent.   Correspondence relating to the audit of the grant and requesting a refund of the entire grant award was also addressed to him.   Our opinion, necessarily, is limited to the facts and questions you present.

Article 4350, V.T.C.S., reads as follows:

> No warrant shall be issued to any person indebted
> or owing delinquent taxes to the State, or to his
> agent or assignee, until such debt or taxes are
> paid.

In our opinion, the school district is not indebted to the state within the meaning of article 4350.   Therefore, we need not consider whether the statute applies to warrants to be issued to a school

district. Your question raises the issue of whether an independent school district in the capacity of fiscal agent for nonprofit rehabilitation entity that has received an establishment grant becomes "indebted" to the state when financial audit exceptions are taken thereunder by the Texas Rehabilitation Commission. To resolve this issue, initially we turn to the language of the agreement accompanying your request. This agreement is the document entitled "Application for an Establishment Grant...," which provides the following terms and conditions:

> (1) Grant funds will be utilized to develop rehabilitation services for handicapped individuals.

> (2) Programs and procedures will be initiated to enable the applicant organization to make substantial progress toward meeting the standards developed by the Texas Rehabilitation Commission.

> (3) Appropriate, complete and detailed administrative and financial records will be maintained in accordance with instructions from the Texas Rehabilitation Commission. Such records will be made available for audit at the commissioner's request.

> (4) The Assurance of Compliance (Form HEW-441) previously filed or attached hereto, applies to this project.

> (5) If staff is involved, salaries and qualifications will be commensurate with the duties performed.

> (6) Matching funds made available by the applicant will not be used to obtain any other Federal funds.

The foregoing, including agreement to comply with all guidelines, rules, and other appropriate regulatory matter provided by the Texas Rehabilitation and Service Administration, is subscribed to by the independent school district and would appear to represent its complete undertaking. Clearly, no express statement with respect to financial liability is present in the application.

Over the years, this office has addressed a number of questions on the scope of article 4350, V.T.C.S. In a fairly recent Letter Advisory, this office stated that for a warrant to be validly

withheld, the article requires that a debt be established either by _agreement_ between the state and the debtor; by the state's proper allegation of the existence of a debt by _statutory reference_; or by some other _lawfully effective means_.  Letter Advisory No. 57 (1973). Even earlier, this office concluded that a warrant should not issue under circumstances where a statute required the comptroller to disallow a refund claim.  Attorney General Opinion O-2765 (1941). Again, a later opinion involving local government, approved withholding delivery of a warrant by statutory authority.  Attorney General Opinion O-4824 (1942).  These opinions established that warrants may be withheld only on a proper statutory allegation of the existence of the debt, either by agreement or by lawfully effective means.  Conversely, there is no authority to withhold warrants under article 4350, V.T.C.S., where there is a contrary statute.  Attorney General Opinion O-4655 (1942); or where no "debt" exists in the usual and ordinary sense of the word.  Attorney General Opinion O-5249 (1943).

On the basis of the instruments and correspondence presented with your request, we are of the opinion that the terms, conditions and assurances in the "Application for an Establishment Grant...," constitute a full and complete agreement between the subscribing independent school district and the commission.  We find nothing, express or implied, in the agreement found in the application that would support financial liability on the part of the district for audit exceptions that may ultimately be taken by the commission.  It follows that a subscribing independent school district does not become "indebted" to the state under article 4350, V.T.C.S., solely by virtue of its role as fiscal agent for a private nonprofit rehabilitation facility or entity, in the absence of an agreement or statutory authority to the contrary.  Accordingly, if there is no "debt" established, the comptroller of public accounts is without authority to withhold warrants otherwise due and payable to the district.

You inquire further, if article 4350, V.T.C.S., reaches the private nonprofit rehabilitation entity alone.  We would conclude, in this instance, that the debt must first be established by a lawfully effective means, _e.g._, become an established legal obligation, by which is meant such obligation as would form the basis of a judgment in a court of competent jurisdiction.

Finally, you ask if an applicable statute of limitation would foreclose a civil action against either the independent school district or the private nonprofit facility.  With respect to the state, article 5517, V.T.C.S., reads in part:  "The right of the State, all counties, incorporated cities and all school districts shall not be barred by any of the provisions of this Title...."  The title referred to is Title 91, V.T.C.S., Limitations.  We believe that if a debt owed the state is established, limitations will not be a bar

to the state's right of action. <u>Hemphill County v. Adams</u>, 408 S.W.2d 926 (Tex. 1966). However, with respect to the independent school district, the state, in effect, would be suing itself. Under article 4413 (32c), section 3(1), V.T.C.S., a school district is defined as a "local government" and political subdivision of the State of Texas. As to a private nonprofit entity, applicable provisions of Title 91, V.T.C.S., control.

S U M M A R Y

The state comptroller of public accounts is without authority under article 4350, V.T.C.S., to withhold warrants otherwise due and payable to an independent school district acting as fiscal agent for a private nonprofit rehabilitation entity that has received an establishment grant from the Texas Rehabilitation Commission, where such grant becomes subject to the financial audit exceptions under the existing application for grant funds presently in use by the commission.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Ward A. White
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Eva Loutzenhiser
Jim Moellinger
Ward A. White